IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2715-T-dkv |
| | ) | |
| DERRICK SCHOFIELD, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS

Plaintiff James Green, *pro se*, has filed a motion for issuance of summons [DE# 21], motion for summary judgment [DE# 23], motion for default judgment [DE# 24], and motion for deposition [DE# 30]. The motions are DENIED.

Plaintiff's motion for issuance of summons, motion for summary judgment, and motion for default judgment are predicated on Plaintiff's assertion that Defendants have failed to file an answer in a timely manner. At this point in the litigation, all Defendants have filed answers. Therefore, these motions are DENIED as moot.

Plaintiff also asks the court to order that he be allowed to depose Defendants with all costs borne by the state. This court cannot order the relief sought by Plaintiff.

As explained in Coates v. Kafczynski, 2006 WL 416244, *2–3 (W.D. Mich. 2006):

> *Pro se* litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. However, this court has no authority to

finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa.1991) (§ 1915 does not require the government to advance funds for deposition expenses); Doe v. United States, 112 F.R.D. 183, 184–85 (S.D.N.Y.1986) (*in forma pauperis* statute does not require government to advance funds for deposition expenses); Toliver v. Cmty. Action Comm'n to Help the Econ., 613 F. Supp. 1070, 1072 (S.D.N.Y.1985) (no clear statutory authority for the repayment of discovery costs for pro se *in forma pauperis* plaintiff); Ronson v. Comm'r of Corr. for State of N.Y., 106 F.R.D. 253, 254 (S.D.N.Y.1985) (indigent prisoner's motion to depose physician at corrections facility denied); Sturdevant v. Deer, 69 F.R.D. 17, 19 (E.D. Wis.1975) (28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); Ebenhart v. Power, 309 F. Supp. 660, 661 (S.D.N.Y.1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.").

If Plaintiff is not able to pay the expenses for the taking of the deposition, he may conduct discovery by means of written interrogatories pursuant to the Federal Rules of Civil Procedure. See Belle v. Crawford, 1993 WL 59291, *8 (E.D. Pa.) ("A defendant is not required to advance the plaintiff's deposition expenses merely because the plaintiff is unable to pay for such costs and fees. And, once again, the *in forma pauperis* statute ..., likewise does not require the Government to advance funds for deposition expenses.") (citations omitted).

Because § 1915 does not allow the court to order payment for court reporter fees, Plaintiff's motion for deposition is DENIED.

IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE